UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECIRE G. BOITNOTT,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 14-cv-2977-BTM-DHB<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>**[ECF No. 25]** |

Plaintiff's attorney, Young Cho ("Counsel"), moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Counsel asks the Court to award $11,592 in attorney's fees from Plaintiff's recovery of $70,639.00 in past-due social security benefits, and to order Counsel to refund Plaintiff the $4,300 in fees Plaintiff has already paid under the Equal Access to Justice Act ("EAJA"). The Social Security Administration Commissioner filed a brief as a "trustee" but takes no position on the Motion. Plaintiff has not responded to Counsel's request. For the reasons set forth below, the Court **GRANTS** the motion for attorney's fees.

I.     BACKGROUND

On January 29, 2016, the Court granted Plaintiff's Motion for Summary

Judgment, denied Defendant's Cross-Motion for Summary Judgment, and remanded this action for further administrative proceedings. (ECF No. 22). The Court also granted the parties' joint motion for attorney's fees under the EAJA in the amount of $4,300. (ECF Nos. 23, 24).

On remand, the Administrative Law Judge (ALJ) found Plaintiff was disabled and awarded Plaintiff past-due disability benefits. (ECF No. 25-3). The Notice of Award informed Plaintiff that she was owed $70,639 in retroactive benefits, and that $17,592.25 of those past-due benefits would be withheld in the event that Counsel requested attorney's fees for work performed before this Court. (ECF No. 25-4).

Counsel now requests $11,592 in attorney's fees pursuant to a contingent-fee agreement in which Plaintiff agreed to give Counsel 25% of any past-due benefits award. (ECF Nos. 25-1, 25-2).

## II.   LEGAL STANDARD

42 U.S.C. § 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

When evaluating a request for a contingent fee under § 406(b), courts must first look to the contingent-fee agreement, then test it for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). The following factors, alone or in combination, may warrant a reduction: (1) the result achieved; (2) "substandard representation"; (3) delay by counsel; and (4) whether "the benefits are large in comparison to the amount of time counsel spent on the case," thereby resulting in a windfall. *Id.* at 805; *see also Crawford v. Astrue*, 586 F.3d 1142, 1151–53 (9th Cir. 2009) (en banc). Although a simple lodestar approach is
2

14-cv-2977-BTM-DHB

not permitted, courts may request "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent fee cases," to aid in assessing a fee's reasonableness. *Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Counsel bears the burden of establishing that the requested fee is reasonable. *Crawford*, 586 F.3d at 1149.

### III. DISCUSSION

Plaintiff signed a 25% contingent fee agreement, the maximum allowed by 406(b). (ECF No. 25-2). Nothing in the record suggests that the agreement is invalid. Turning to the reasonableness of the requested award, the Court finds that the result was successful and that there is no evidence of substandard representation or delay. The only remaining consideration is the fourth *Gisbrecht* factor, i.e., whether "the benefits are large in comparison to the amount of time [C]ounsel spent on the case" thereby resulting in a windfall. *Gisbrecht*, 535 U.S. at 805.

Counsel submits that Counsel's law office expended 25.3 hours of attorney and paralegal time on the case, and requests $11,592 in fees, which is less than the maximum $17,592.25 that the Commissioner withheld pursuant to 42 U.S.C. 406(b). (ECF No. 25-5 (itemized billing hours)). Counsel's effective hourly rate is $458.18.[1] This falls within the range of effective hourly rates courts typically award in social security cases. *See, e.g.*, *Crawford*, 586 F.3d at 1153 (Clifton, J., concurring in part and dissenting in part) (noting majority approved awards of $519, $875, and $902); *Iler v. Berryhill*, No. 14-CV-2026-MMA (BGS), 2018 WL 3969182, at *2 (S.D. Cal. Aug. 20, 2018) (approving effective hourly rate of $341); *Richardson v. Colvin*, No. 15-CV-1456-MMA-BLM, 2017 WL 1683062, at *2 (S.D. Cal. May 2, 2017) (approving effective hourly rate of $770); *Likens v. Colvin*, No. 11-CV-0407-LAB (BGS), 2014 WL 6810657, at *2 (S.D. Cal. Dec. 2,

---

[1] Counsel miscalculates the effective hourly rate as $497.71. (ECF No. 25-1 at 5).

2014) (approving effective hourly rate of $666.68); *Nash v. Colvin*, No. 12-CV-2781-GPC (RBB), 2014 WL 5801353, at *2 (S.D. Cal. Nov. 7, 2014) (approving effective hourly rate of $656 per hour); *Sproul v. Astrue*, No. 11-CV-1000-IEG (DHB), 2013 WL 394053, at *2 (S.D. Cal. Jan. 30 2013) (approving effective hourly rate of $800). The Court concludes the requested fee is reasonable.

## IV. CONCLUSION

The motion for attorney's Fees is **GRANTED.** The Court awards attorney's fees to Young Cho in the amount of $11,592. Counsel must reimburse Plaintiff $4,300, the amount paid by the government under the EAJA.

IT IS SO ORDERED.

Dated: March 11, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge